64 F.3d 661
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Charles WILLIAMS, a/k/a Charles McCreary, Petitioner--Appellant,
v.
Warden HAMPTON; State of South Carolina, Respondents--Appellees.
 No. 95-6691.
 United States Court of Appeals, Fourth Circuit.
 Aug. 17, 1995.
 
 Charles Williams, appellant pro se.
 Donald John Zelenka, Chief Deputy Atty. Gen., Columbia, SC, for appellees.
 Before ERVIN, Chief Judge, MOTZ, Circuit Judge, and PHILLIPS, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Appellant seeks to appeal the district court's order denying relief on his 28 U.S.C. Sec. 2254 (1988) petition. We have reviewed the record and the district court's opinion accepting the recommendation of the magistrate judge and find no reversible error. Accordingly, we deny a certificate of probable cause to appeal and dismiss the appeal on the reasoning of the district court.* Williams v. Hampton, No. CA-94-1810-2-18AJ (D.S.C. Mar. 31, 1995). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 2
 DISMISSED.
 
 
 
 *
 We find that the district court did not abuse its discretion in denying relief on Appellant's petition because the petition constituted an abuse of the writ. Appellant failed to show cause and prejudice for his failure to raise his ineffective assistance of counsel claim in his first federal habeas corpus petition or show that a fundamental miscarriage of justice would result if the district court did not entertain his claim. See McCleskey v. Zant, 499 U.S. 467, 493-95 (1991); Miller v. Bordenkircher, 764 F.2d 245, 248-49 (4th Cir.1985) (stating standard of review). Because we affirm on this ground, we need not reach the district court's alternative holding that Appellant's petition was successive under Sanders v. United States, 373 U.S. 1, 7-8 (1963)